UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. CASEY CASANOVA, Defendant. | Case No.: 10CR3985WQH **ORDER** |

HAYES, Judge,

The matter before the Court is the appeal of order denying motion for bond (ECF No. 89) filed by Defendant.

**FACTS**

On November 21, 2011, this Court entered Judgment ordering Defendant to serve a period of 108 months in the custody of the Bureau of Prisons and five years of supervised release for distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1).

On February 29, 2016, this Court reduced the term of custody to 90 months pursuant to 18 U.S.C. § 3582(c)(2).

On October 5, 2017, the probation officer reviewed the conditions of release with the Defendant subsequent to his release from custody.

On August 15, 2018, the Court signed a petition for warrant for offender under supervision. Defendant admitted violation the terms of supervised release. The Court

sentenced Defendant to serve custody for a term of 5 months followed by 50 months of supervised release. (ECF No. 50).

On November 15, 2019, the Court signed a second petition for warrant for offender under supervision. Defendant admitted violation the terms of supervised release. The Court sentenced Defendant to serve custody for a term of 10 months followed by 36 months of supervised release. (ECF No. 61).

On June 24, 2021, the Court signed a third petition for warrant for offender under supervision. Defendant admitted violation the terms of supervised release. The Court sentenced Defendant to serve custody for a term of 5 months followed by 24 months of supervised release. (ECF No. 72).

On February 18, 2022, the Court signed a fourth petition for warrant for offender under supervision. Defendant appeared before the Magistrate Judge. Plaintiff United States moved for detention pending resolution of the supervised release violation.

On February 25, 2022, Defendant moved the Court to set conditions of release. Defendant requested that the Court set a $20,000 personal appearance bond, to be secured by one financially responsible adult and a 10% cash deposit. Defendant asserted that he needed immediate surgery on his left pinky finger and that he was not a danger to the community.

On March 2, 2022, the Government opposed release on the grounds that Defendant cannot meet his burden to prove by clear and convincing evidence that he is not a danger to the community based upon his pattern of erratic behavior, his continued drug use, and his angry confrontation with the probation officer.

On March 10, 2022, the Magistrate Judge held a hearing and found Defendant had "not established by clear and convincing evidence that he does not present a danger to our community." (ECF No. 88 at 10). The Magistrate Judge found that Defendant's repeated violations of supervised release, history of continuing drug use, and threats and violence related to drug use demonstrate that no conditions of release will adequately protect the

community. The Magistrate Judge further found that Defendant's unwillingness to comply with court orders supports his detention.

On March 8, 2022, the Magistrate Judge filed an order of detention. (ECF No. 86).

On March 12, 2022, Defendant filed an appeal of the detention order. Defendant asserts that a $20,000 personal appearance bond, to be secured by one financially responsible adult and a 10% cash deposit, with a condition of release being intensive treatment will adequately protect the community. Plaintiff United States asserts that the facts and circumstances of this case support the order of detention.

**RULING OF THE COURT**

Rule 32.1 of the Federal Rules of Criminal Procedure: Revoking or Modifying Probation of Supervised Release provides in relevant part: "The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or the community rests with the person." Fed. R. Crim P. 32.1(a)(6). 18 U.S.C. § 3143(a)(1) provides, in relevant part, that the judicial officer must find "by clear and convincing evidence that the person will not flee or pose a danger to any other person or the community if released." This Court reviews the evidence "de novo" and makes its own determination whether to modify a detention order. *United States v. Keonig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Court takes into account all available information concerning the factors set forth in § 3142(g) in determining whether there are conditions of release that will assure that the person will not pose a danger to any other person or to the community, including the nature and circumstances of the violation charged, and the history and characteristics of the Defendant.

In this case, the Magistrate Judge properly conducted a detention hearing pursuant and considered all relevant factors. The Magistrate Judge concluded that Rule 32.1(a)(6) and 18 U.S.C. § 3143(a)(1) require detention based upon Defendant's history of violence, history of drug use, history of not complying with release conditions, and mental health concerns. After review of the hearing transcript and all pleading, the court affirms and

adopts the finding of the Magistrate Judge that Defendant has not proven "by clear and convincing evidence that he is not likely to pose a danger to the safety of any person or the community if released." (ECF No. 86).

IT IS HEREBY ORDERED that the appeal of denying motion for bond (ECF No. 89) is denied. The detention order (ECF No. 86) is adopted in full.

Dated: March 28, 2022

Hon. William Q. Hayes
United States District Court